IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MICHAEL CLARK, | No. CIV S-08-0611-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| EL DORADO COUNTY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending before the court are plaintiff's: (1) complaint (Doc. 1); and (2) motion for preliminary injunctive relief (Doc. 2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

1

Plaintiff's complaint consists of 193 typed pages. The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). The court finds that plaintiff's complaint fails to satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly. For this reason, the complaint will be dismissed with leave to amend.

In his complaint, plaintiff alleges generally that defendants, most of whom are either attorneys or state court judges, are improperly handling his state habeas corpus petition. In his motion for injunctive relief, plaintiff seeks, among other things, an order from this court directing that his habeas petition be properly handled in accordance with California rules of court. Thus, it is clear that plaintiff's state habeas action has not been resolved.

Under the Younger abstention doctrine, federal courts are barred from hearing a civil rights claim arising from an ongoing criminal prosecution. See Younger v. Harris, 401 U.S. 37 (1971). In Wallace v. Kato, 127 S.Ct. 1091 (2007), the Supreme Court discussed when it would be appropriate to stay a civil rights action pending outcome of ongoing criminal proceedings related to alleged civil rights violations. In order for the court to determine whether this doctrine applies, plaintiff must address specific issues in his amended complaint. In particular, plaintiff shall:

    1.    Indicate why he is in jail;

    2.    State whether there has been a criminal prosecution in state court and, if so, the outcome of such prosecution; and

    3.    Indicate the status of his state habeas corpus proceeding.

///

1         Plaintiff is cautioned that failure to file an amended complaint within the time
2 provided herein and which complies with Rule 8 and addresses the factual issues outlined above
3 may result in dismissal of this entire action.  See Local Rule 11-110.
4         Accordingly, IT IS HEREBY ORDERED that:
5         1.    Plaintiff's complaint is dismissed with leave to amend;
6         2.    Within 30 days of the date of this order plaintiff shall file a first amended
7 complaint.

DATED: April 4, 2008

                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE