IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MICHAEL CLARK,<br><br>    Plaintiff,<br><br>  vs.<br><br>EL DORADO COUNTY, et al.,<br><br>    Defendants.<br>_____/ | No. CIV S-08-0611-MCE-CMK-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending before the court are plaintiff's: (1) first amended complaint (Doc. 6); and (2) motion for preliminary injunctive relief (Doc. 2).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

## I.  BACKGROUND

Plaintiff names the following as defendants:  El Dorado County, Suzanne Kingsbury, Gary Lacy, Hans Uthe, Michael Verzatt, Paul Irwin Palant, Cathy Rene Reading, Brian Reading, and the Law Offices of Cathy Reading.  Defendant Kingsbury is a judge of the El Dorado County Superior Court.  Defendant Lacy is the elected El Dorado County District Attorney.  Defendant Uthe is an assistant district attorney.  Defendant Verzatt is a research attorney with the El Dorado County Superior Court.  Defendants Palant and Cathy Reading are attorneys in private practice.  Defendant Brian Reading is a paralegal employed by the Law Offices of Cathy Reading.  Plaintiff invokes this court's original federal question jurisdiction under 28 U.S.C. § 1331 based on alleged violations of federal constitutional rights, as well as diversity jurisdiction under 28 U.S.C. § 1332 based on his information and belief that defendant Palant is a citizen of the State of Nevada.[1]

The court dismissed plaintiff's original complaint with leave to amend.  As to the original complaint, the court stated:

> In his complaint, plaintiff alleges generally that defendants, most of whom are either attorneys or state court judges, are improperly handling his state habeas corpus petition.  In his motion for injunctive relief, plaintiff seeks, among other things, an order from this court directing that his habeas petition be properly handled in accordance with California rules of court.  Thus, it is clear that plaintiff's state habeas action has not been resolved.
>
> Under the Younger abstention doctrine, federal courts are barred from hearing a civil rights claim arising from an ongoing criminal prosecution.  See Younger v. Harris, 401 U.S. 37 (1971).  In Wallace v. Kato, 127 S.Ct. 1091 (2007), the Supreme Court discussed when it would be appropriate to stay a civil rights action pending outcome of ongoing criminal proceedings related to alleged civil rights violations.  In order for the court to determine whether this doctrine applies, plaintiff must address

---

[1]  The court notes that diversity jurisdiction cannot exist in this case because there is no complete diversity.  Specifically, plaintiff alleges that at least one of the other defendants is, like himself, a citizen of California.  See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Because plaintiff alleges violations of federal constitutional rights, this action presents a federal question under 42 U.S.C. § 1983.

specific issues in his amended complaint. In particular, plaintiff shall:

1. Indicate why he is in jail;

2. State whether there has been a criminal prosecution in state court and, if so, the outcome of such prosecution; and

3. Indicate the status of his state habeas corpus proceeding.

Plaintiff states in the first amended complaint that he was convicted of murder in 1979 following a jury trial. He is currently housed at the Placerville Jail. Plaintiff contends that defendants "conspired with intentional malice, and came to a full understanding amongst themselves in a meeting of the minds, to deprive Plaintiff, under color of State Law, of his constitutional right to habeas corpus relief, and the right to due process and equal protection of the law. . . ." He also asserts ineffective assistance of counsel and malpractice.

Plaintiff claims that defendant Kingsbury, in her capacity as a state court judge, failed to "rule in a timely manner" in a pending habeas corpus petition. He asserts that this failure "tolled both the Court's and the respondent's procedural default." Plaintiff also claims that defendant Kingsbury issued knowingly erroneous rulings and purposefully falsified the record in order to benefit the respondent in the case and deny him access to habeas relief. Plaintiff claims that defendant Kingsbury's conduct resulted in delay which has prejudiced his case because the principal investigator in his underlying criminal case is now deceased.

According to plaintiff, defendant Palant was appointed to represent plaintiff in his state habeas case. He claims that ". . . at no time during the seven (7) month period that Defendant Palant represented him did he once execute his professional and ethical duties, nor provide Plaintiff's habeas matter with the level of care and treatment, as deemed an acceptable level of performance delivered by other attorneys in similar appointments." Plaintiff claims that defendant Palant was informally instructed by defendant Kingsbury "not to move Plaintiff's habeas matter forward" and that defendant Palant agreed to falsify the record.

1    Plaintiff states that defendant Cathy Reading was also appointed to represent him.
2 As with defendant Palant, plaintiff contends that defendant Reading failed to provide adequate
3 representation and that she obstructed a State Bar investigation regarding defendant Palant's
4 handling of his case.  He alleges that defendant Reading purposefully hindered his access to the
5 court and delayed his habeas case.  As to defendant Brian Reading, who is Cathy Reading's
6 husband, plaintiff asserts that he "deliberately, willingly, and enthusiastically, upheld the
7 conspiracy. . . ."
8    As to defendants Uthe and Lacy, who represent the respondent in plaintiff's
9 habeas case, plaintiff contends that they failed to provide him with a response to the habeas
10 petition.  He also alleges that these defendants were part of a conspiracy to delay his habeas case.
11    Plaintiff seeks, among other things, orders from this court directing the state court
12 to issue certain rulings in his ongoing habeas case.  As against defendants Cathy Reading and
13 Paul Palant, plaintiff seeks damages for alleged malpractice.  As against defendant El Dorado
14 County, plaintiff seeks, among other things, orders directing the county to "make and enforce
15 policy decisions."  As against defendants Uthe, Lacy, and Kingsbury, plaintiff seeks, among
16 other things, damages based on their alleged participation in a conspiracy to deny him access to
17 the courts.

**II.  DISCUSSION**

20    It appears that the bases for plaintiff's claims are:  (1) denial of access to the court
21 with respect to his state habeas case; (2) attorney malpractice; and (3) conspiracy.  In his
22 amended complaint and motion for injunctive relief, plaintiff seeks monetary relief and orders
23 directing state officials to take certain actions.  The court finds that plaintiff does not state claims
24 upon which this court can grant relief.
25 / / /
26 / / /

4

1          To the extent plaintiff asserts that defendants' conduct has delayed or denied him access to the courts with respect to his pending habeas corpus case, he does not state a claim under 42 U.S.C. § 1983.  Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  The right, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.  As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to present a claim.  See id.  In this case, plaintiff has been able to file his state habeas action.  His claims relate to the processing and handling of that action, as to which he has no constitutional right.

          With respect to plaintiff's claims of malpractice and inadequate representation, such claims are not cognizable under § 1983.  See e.g. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  Plaintiff may have state court remedies available in an action for professional negligence, though the court expresses no opinion on the viability or merits of such an action.

          As to plaintiff's requests that this court order state officials to take specific action, for the court to grant these requests it would have to issue a writ of mandamus.  Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ."  In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ."  28 U.S.C. § 1361

(emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. <u>Demos v. U.S. Dist. Court for Eastern Dist. of Wash.</u>, 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. See <u>Finley v. Chandler</u>, 377 F.2d 548 (9th Cir. 1967). Here, the court does not have the power to order state officials to take specific action. Moreover, even if it did, the actions plaintiff seek cannot be described as non-discretionary.

Addressing plaintiff's requests for orders compelling specific actions by state officials in the context of his motion for injunctive relief, plaintiff still cannot prevail. The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See <u>Oakland Tribune</u>, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of irreparable injury. See <u>id.</u> In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. See <u>id.</u> The loss of money, or an injury whose measure of damages can be calculated in terms of money, will not be considered irreparable. See <u>id.</u> at 1334-35. As discussed above, the court finds that plaintiff has no chance of success on the merits because he cannot demonstrate any actual injury with respect to his access to the courts.

Finally, this court finds that it should abstain in exercising jurisdiction over any of plaintiff's claims because they all relate to an ongoing state habeas corpus case. See e.g. Younger v. Harris, 401 U.S. 37 (1971) (barring the federal court from hearing a civil rights claim arising from an ongoing criminal prosecution).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that this action be dismissed and that plaintiff's motion for injunctive relief (Doc. 2) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE